2014 Ark. App. 396

**Daniel WEAVER, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR–11–617.**

Court of Appeals of Arkansas.

June 18, 2014.

Van Buskirk Law Firm, Little Rock, by James M. Van Buskirk, for appellant.

Dustin McDaniel, Att'y Gen., by Brad Newman, Ass't Att'y Gen., for appellee.

DAVID M. GLOVER, Judge.

Daniel Weaver was tried by a jury and found guilty of the offense of rape. He was sentenced to serve 348 months in the Arkansas Department of Correction. For his sole point of appeal, he contends that the trial court erred in denying his motion to suppress his custodial statement because he was under the influence of marijuana at the time he was interviewed, and the sheriff's office should have conducted breath or blood tests to reveal that fact. We disagree and affirm.

At the suppression hearing, Ken Howard, an investigator/sergeant with the Crawford County Sheriff's Department, testified he assisted in an investigation concerning allegations that had been made against Daniel Weaver. As he explained, he went to Weaver's grandmother's house, where Weaver had been staying; Weaver drove up while Howard was there; and he asked Weaver to come to the sheriff's office. Howard told Weaver that allegations had been made against him, and he needed to answer some questions. Howard stated that Weaver drove his own vehicle to the sheriff's office. According to Howard, he read the *Miranda* rights form to Weaver, asked if he understood his rights, and Weaver said he did; Howard then asked Weaver to initial and sign the form, which he did. Howard explained that he specifically asked Weaver if he had taken any medication and if he was fully aware of what was going on, and Weaver denied taking anything and said that he was fully aware of everything that was going on.

Howard then engaged Weaver in a conversation about G.W., Weaver's five-year-old niece, and asked Weaver if he had ever had her perform oral sex on him. Howard testified that Weaver initially denied doing so, but then admitted that he once put his penis in the child's mouth while babysitting her.

Weaver's counsel attempted on cross-examination to demonstrate that Howard should have realized Weaver was under

the influence of marijuana at the time his statement was given. Howard testified that, at first, Weaver's posture was pitched forward, that Weaver made eye contact with him, and that Weaver directly engaged him. Howard acknowledged that Weaver was drinking a lot of water and that after admitting his conduct with G.W., Weaver's posture changed to slouching shoulders and no longer engaging Howard directly or making eye contact. Howard stated he attributed the change in posture to Weaver feeling the pressure of revealing the truth about his conduct with G.W., and that, in his experience, people who are not telling the truth have a dry mouth. At the conclusion of the hearing, the trial court denied the motion to suppress.

 |₃A custodial statement is presumed to be involuntary, and the State has the burden of proving by a preponderance of the evidence that the statement was voluntarily given and knowingly and intelligently made. *Wofford v. State,* 330 Ark. 8, 952 S.W.2d 646 (1997). When an appellant claims that his confession was rendered involuntary because of his drug or alcohol consumption, the level of his comprehension is a factual matter to be resolved by the trial court. *Walden v. State,* 2012 Ark. App. 307, 419 S.W.3d 739. The test of voluntariness of one who claims intoxication at the time of waiving his rights and making a statement is whether the individual was of sufficient mental capacity to know what he was saying—capable of realizing the meaning of his statement—and that he was not suffering from any hallucinations or delusions. *Id.* In ruling on the voluntariness of a confession, we review the trial court's findings of fact for clear error, making an independent determination based on the totality of the circumstances. *Id.* Matters of credibility are for the trial court to determine. *Id.*

We will only reverse if the trial court's finding is clearly erroneous. *Id.*

█ Here, we find no such clear error in the trial court's denial of Weaver's motion to suppress his custodial statement. There was simply no evidence presented at the suppression hearing upon which the trial court could have reasonably based a finding that Weaver was impaired at the time he gave his statement.

Affirmed.

WALMSLEY and VAUGHT, JJ., agree.